# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

YOHANSEA ROBINSON, )
)
    Plaintiff, )
)
v. )   Case No. CV409-093
)
DR. NOWAK, Chatham County Jail; )
MR. KOPP, Savannah Impact Office; )
and MR. McGHEE, Savannah Parole, )
)
    Defendants. )

## **REPORT AND RECOMMENDATION**

This Court granted 42 U.S.C. § 1983 inmate-plaintiff Yohansea Robinson leave to proceed in forma pauperis (IFP), and she has since finalized her IFP paperwork. Docs. 3, 4, 5. The Prison Litigation Reform Act (PLRA) requires federal courts to conduct early screening of all prisoner suits against governmental entities or officials for the purpose of identifying claims that are subject to immediate dismissal as frivolous, malicious, or legally insufficient. 28 U.S.C. § 1915A (courts must identify "cognizable claims" filed by prisoners or other detainees

and dismiss claims which are frivolous, malicious, fail to state a claim for relief, or seek monetary relief from a defendant immune from such relief); *see also* 42 U.S.C. § 1997e(c)(2) (allowing dismissal on the same four standards provided by § 1915A as to any prisoner suit brought "with respect to prison conditions"). The Court will therefore examine Robinson's complaint to determine whether it states a colorable claim for relief.

Plaintiff alleges that she suffers from seizures controlled by 2000 mg of "Keppra"[1] daily, along with 300 mg of "d[i]lantin,"[2] as prescribed by two doctors. Doc. 1 at 5. While detained at the Chatham County, Georgia jail, she went 8 days without that medication, causing seizures severe enough to require a nurse to revive her. *Id.* "Still the necessary medicine was not provided, so . . . [she] suffered two more seizures while being '16,000' [mg] short of Keppra." *Id.* Plaintiff alleges that jail medical officials made her sign a "waiver" of some sort while she was mentally incompetent, and they offered to "have the waiver dismissed"

---

[1] "Keppra is an anti-epileptic drug. It is used to treat partial onset seizures in adults and children who are at least 4 years old." http://www.drugs.com/keppra.html (last visited July 2, 2009).

[2] "Dilantin is an anti-epileptic drug, also called an anticonvulsant. It works by slowing down impulses in the brain that cause seizures." www.drugs.com/keppra.html (site as of July 2, 2009).

(plaintiff does not explain what that means) if Robinson could get them her medical records. *Id.*

In response, plaintiff then had her family send jail officials her medical records, after which she asked "Dr. Nowak did she receive my records? She said she did receive my record[s]. So I said 'when can you take care of my matter'? She got unprofessional and said 'get a lawyer.'" *Id.* Plaintiff does not explain "take care of my matter" (i.e., she does not allege that any jail official deliberately or even recklessly withheld her drugs until she signed a particular form).

On her form complaint's "Relief" section, Robinson wrote that she "want[s] this court to have a malpractice suit filed against the Chatham Co. Jail on the grounds of depriving me my prescribed medication to control my seizures which placed my life in danger. Also have Mr. Kopp and Mr. McGhee [other officials with whom she dealt during this time] filed in this suit under professional negligence, for knowingly having knowledge [of] my illness from a seizure I suffered in May '08 [that] required stitches to my forehead" at a hospital. *Id.* at 6. She then raises another negligence allegation against "Mr. Kopp." *Id.*

Under Fed. R. Civ. P. 8(a) and 12(b)(6) pleading standards,[3]

---

[3] The Court applies these standards to screen prisoner complaints under 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c)(2), which essentially force inmates to present a viable claim for relief. While pro se complaints are held "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), such complaints, when read liberally, still must comply with the procedural rules governing the proper form of pleadings. *McNeil v. United States*, 508 U.S. 106, 113 (1993). In other words, a court will not create a viable claim where none exists. The baseline standard, applicable to lay and represented litigants alike, is that a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.

A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Two working principles [drive this result]. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. [Thus, a]lthough for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation. [To that end, Fed. R. Civ. P.] 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss [and thus this Court's PLRA screening]. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not shown -- that the pleader is entitled to relief. Fed. Rule Civ. Proc. 8(a)(2).

In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported

Robinson has not stated a claim here. Doctors and other professionals may be sued in *state* court for negligence, but to hold them liable under §1983, an inmate must plead considerably more than an ordinary medical malpractice claim.

The Eighth Amendment's proscription against cruel and unusual punishment prevents jail or prison[4] personnel from subjecting an inmate to "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "To show that a prison official acted with deliberate

---

by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009) (quotes, cites and alterations omitted); *see also id*. at 1951 (Muslim Pakistani pretrial detainee's *Bivens* complaint against government officials failed to plead sufficient facts to state claim for purposeful and unlawful discrimination; complaint challenged neither constitutionality of detainee's arrest nor his initial detention but rather policy of holding post-September 11th detainees once they were categorized as of "high interest," and complaint thus had to contain facts plausibly showing that officials purposefully adopted policy of so classifying detainees because of their race, religion, or national origin).

[4] Whether Robinson is a pre-trial detainee or a convicted criminal at the time of these incidents is of no significance to the Court's analysis, for it is well settled that "the minimum standard for providing medical care to a pre-trial detainee under the Fourteenth Amendment is the same as the minimum standard required by the Eighth Amendment for a convicted prisoner." *Lancaster v. Moore County*, 116 F.3d 1419, 1425 n.6 (11th Cir. 1997); *Hamm v. DeKalb County*, 774 F.2d 1567, 1572-74 (11th Cir. 1985) ("states may not impose on pretrial detainees conditions that would violate a convicted prisoner's eighth amendment rights").

5

indifference to serious medical needs, a plaintiff must satisfy both an objective and subjective inquiry." *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003); *Taylor v. Adams*, 221 F.3d 1254, 1257 (11th Cir. 2000); *Adams v. Poag*, 61 F.3d 1537, 1543 (11th Cir. 1995).

First, Robinson must allege facts showing she had an objectively serious medical need. *Farrow*, 320 F.3d at 1243; *Taylor*, 221 F.3d at 1258; *Adams*, 61 F.3d at 1543. Second, she must allege and ultimately prove "that the prison official acted with an attitude of 'deliberate indifference' to that serious medical need." *Farrow*, 320 F.3d at 1243; *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *McElligott v. Foley*, 182 F.3d 1248, 1254 (11th Cir. 1999); *Campbell v. Sikes*, 169 F.3d 1353, 1363 (11th Cir. 1999). And, she must establish that the individual defendant's indifference caused her injury. *Goebert v. Lee County*, 510 F.3d 1312, 1326 (11th Cir. 2007). A mere difference in medical opinion does not constitute deliberate indifference under the Eighth Amendment. *Waldrop v. Evans*, 871 F.2d 1030, 1033 (11th Cir. 1989).

Robinson thus has pled herself out of court. Although her legal conclusions (that someone was "negligent") are not dispositive, her factual *allegations* must carry her case. Under the pleading standards

6

set forth above, they do not. At most she has pled a plain-vanilla, medical negligence case, not a § 1983 constitutional tort case. Thus, the Court should **DISMISS** her complaint **WITH PREJUDICE**.

**SO REPORTED AND RECOMMENDED,** this <u>7th</u> day of July, 2009.

<pre>                                /s/ G.R. SMITH                     
                                <b>UNITED STATES MAGISTRATE JUDGE
                                SOUTHERN DISTRICT OF GEORGIA</b></pre>